**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | |
|---|---|
| Dileep Thatte, )<br>)<br>         Plaintiff, )<br>)<br>vs. )<br>)<br>LAS International, Ltd., )<br>)<br>         Defendant. ) | **ORDER FOR RULE 26(f) PLANNING
MEETING AND RULE 16(b)
SCHEDULING CONFERENCE,
AND ORDER RE RESOLUTION
OF DISCOVERY DISPUTES**<br><br>Case No. 1:06-cv-061 |

**IT IS ORDERED**:

**RULE 26(F) MEETING & RULE 16(B) SCHEDULING CONFERENCE**

The court shall hold a Rule 16(b) initial pretrial scheduling/discovery conference on **September 25, 2006 at 9:00 AM**. The scheduling conference will be held by telephone conference call to be initiated by the court.

In preparation for the conference, counsel are directed to confer in accordance with Rule 26(f) of the Federal Rules of Civil Procedure. Counsel shall submit to the magistrate judge, **no later than two business days prior to the conference,** a joint proposed scheduling/discovery plan that reflects the Rule 26(f) discussions and includes at least those items listed in the form attached to this order. It should either be mailed to P.O. Box 670, Bismarck, ND 58502-0760, or e-mailed to ndd_J-Miller@ndd.uscourts.gov. Any disagreements among counsel shall be addressed at the scheduling conference.

During the Rule 26(f) meeting, counsel shall discuss the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case, make or arrange for the disclosures required by Rule 26(a)(1), and develop their joint proposed scheduling/discovery

plan.  These are only the <u>minimum</u> requirements for the meeting.  Counsel are encouraged to have a comprehensive discussion and are required to approach the meeting cooperatively and in good faith.  The discussion of claims and defenses shall be a substantive, meaningful discussion.  In addressing settlement or early resolution of the case, counsel are required to explore the feasibility of ADR not only between themselves but with their clients as well.  If the parties elect not to participate in an early ADR effort, the court may nonetheless require a settlement conference shortly before trial.

In addressing the Rule 26(a)(1) disclosures, counsel shall discuss the appropriate timing, form, scope or requirement of the initial disclosures, keeping in mind that Rule 26(a)(1) contemplates the disclosures being made by the date of the Rule 16(b) initial scheduling conference and including at least the four categories of information listed in the rule.  Rule 26 affords the parties flexibility in the scope, form and timing of disclosures under both Rule 26(a)(1) (initial disclosures) and Rule 26(a)(2) (expert witness disclosures), but the parties' agreement on disclosures is subject to approval by the court.  In their discussion of disclosures, counsel shall address issues of relevance in detail, with each party identifying what it needs and why.  The discussion shall include as well the sequence and timing of follow-up discovery, including whether that discovery should be conducted informally or formally and whether it should be conducted in phases to prepare for filing of particular motions or for settlement discussions.

The deadlines in the scheduling/discovery plan shall be mutually agreeable, with a view to achieving resolution of the case with a minimum of expense and delay.  At the Rule 16(b) conference, the court will review the plan with counsel.  <u>The date for the dispositive motion deadline shall not be later than September 28, 2007, unless good cause is shown at the scheduling conference</u>

for a later date.  Counsel are informed that the dispositive motion deadline is used in assigning the trial date and the court must allow adequate time for briefing and ruling prior to the final pretrial conference and trial dates.

## RESOLUTION OF DISCOVERY DISPUTES

It is hereby **ORDERED** that the following steps be undertaken by all parties prior to the filing of any discovery motions:

1)   The parties are strongly encouraged to informally resolve all discovery issues and disputes without the necessity of Court intervention.  In that regard, the parties are first required to confer and fully comply with Rule 37(a)(2) of the Federal Rules of Civil Procedure and Local Rule 16.1(B)(4) by undertaking a sincere, good faith effort to try to resolve all differences without Court action or intervention;

2)   In the event that reasonable, good faith efforts have been made by all parties to confer and attempt to resolve any differences, without success, the parties are then required to schedule a telephonic conference with the Magistrate Judge in an effort to try to resolve the discovery dispute prior to the filing of any motions.  The parties shall exhaust the first two steps of the process before any motions, briefs, memorandums of law, exhibits, deposition transcripts, or any other discovery materials are filed with the Court.

3)   If the dispute still cannot be resolved following a telephonic conference with the Magistrate Judge, then the Court (Magistrate Judge) will entertain a motion to compel discovery, motion for sanctions, motion for protective order, or other discovery motions.  In connection with the filing of any such motions, the moving

       party shall first fully comply with all requirements of Rule 37(a)(2) and Local Rule 16.1(B)(4) and shall submit the appropriate certifications to the Court as required by those rules.

4)     The Court will refuse to hear any discovery motion unless the parties have made a sincere, good fath effort to resolve the dispute <u>and</u> all of the above-identified steps have been strictly complied with. A failure to fully comply with all of the prerequisite steps may result in a denial of any motion with prejudice and may result in an award of costs and reasonable attorney's fees.

Dated this 25th day of August, 2006.

                                    /s/ Charles S. Miller, Jr.
                                    Charles S. Miller, Jr.
                                    United States Magistrate Judge